NATALIE K. WIGHT, OSB # 035576
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00015-HZ |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **RICO ANTHONY RUSSELL RIGUTTO,** | **Sentencing: March 5, 2024** |
| **Defendant.** | |

The government asks the Court to impose a sentence of 87 months' imprisonment, to be followed by a five-year term of supervised release.

**A.    Summary of Proceedings.**

On April 18, 2023, the defendant pled guilty to Count 1 of his indictment which charged him with Possession with the Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  The maximum sentence the Court may impose is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release.  There is a potential mandatory minimum sentence of ten years' imprisonment.  There is also a $100 fee assessment.

**Government's Sentencing Memorandum**                                                                                         Page 1

A Presentence Report (PSR) has been completed. Sentencing is currently set for March 5, 2024. The government believes that the facts underlying the defendant's count of conviction, his Sentencing Guideline calculations, his criminal history, and his personal history and characteristics are accurately laid out in the PSR. As the PSR notes, the defendant was an armed drug dealer possessing significant amounts of methamphetamine, heroin, and fentanyl for purposes of further distribution:

> On December 14, 2021, investigators utilized a cooperating defendant (CD) to coordinate a purchase of 3,000 counterfeit M30 oxycodone (fentanyl) pills from a Mexico-based drug distributor. At the appointed meeting place, investigators observed the defendant arrive to the location, however he did not leave his vehicle and was later observed departing the area without completing the sale. Investigators then executed a traffic stop on the defendant in his vehicle and a subsequent search revealed a package containing approximately 315 gross grams of counterfeit oxycodone (fentanyl) pills and a Glock 30S .45 caliber handgun outfitted with a "Glock auto sear," which allowed the handgun to function as a machinegun.
>
> Investigators then executed a search warrant of the defendant's residence where investigators located a safe inside a vehicle which contained 6,746 gross grams of methamphetamine and 2,949 gross grams of heroin. Within a gun safe inside a bedroom of the defendant's residence, investigators located nine handguns, an AR-15 style rifle and 12 gross grams of cocaine. Additionally, they located another safe inside an outdoor shed, which held 2,288 gross grams of counterfeit M30 oxycodone (fentanyl) pills, 6,689 gross grams of methamphetamine, and 12 gross grams of cocaine.
>
> PSR Justification, *1-2.

The amount of drugs seized from defendant's residence clearly indicated to investigators that they were possessed for purposes of further distribution. In his plea agreement, defendant also admitted the drugs were possessed for purposes of further distribution. Plea Agreement ¶ 6.

**Government's Sentencing Memorandum**        **Page 2**

B.    **Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4). "The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008)(quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id*.

Based upon the quantity of drugs defendant possessed for purposes of further distribution his initial Base Offense Level is 36, pursuant to U.S.S.G. § 1B1.3 and 2D1.1(a). PSR ¶ 35, Plea Agreement ¶ 8. This Base Offense Level is not in dispute.

Because defendant possessed a firearm during the course of his criminal conduct he is subject to a two-level upward adjustment, pursuant to U.S.S.G. § 2D1.1(b)(1). PSR ¶ 36, Plea Agreement ¶ 9. This is not in dispute.

Additionally, because defendant maintained premises for the purpose of distributing a controlled substance he is subject to a two-level upward adjustment, pursuant to U.S.S.G. § 2D1.1(b)(12). PSR ¶ 37, Plea Agreement ¶ 10. This is not in dispute.

Based upon the defendant's Acceptance of Responsibility defendant's offense level should be decreased by three levels, pursuant to U.S.S.G. § 3E1.1. PSR ¶¶ 43-44. This is not in dispute.

Pursuant to 18 U.S.C. § 3553(a), based upon the history and characteristics of the defendant and his successfully post-arrest performance on pretrial supervision, as outlined in the

///

PSR, the government will recommend that the Court grant defendant a two-level downward variance in his overall offense level. *See* PSR ¶¶ 19-20.

The government believes that the defendant's initial adjusted Offense Level for sentencing purposes is 35. Should the Court agree with the government's initial Sentencing Guideline Calculations, prior to any other adjustments, with an adjusted Offense Level of 35 and a Criminal History Category of I, defendant's suggested sentencing range is 168 to 210 months' imprisonment.

**C.     Government's Recommended Sentence.**

Pursuant to the provisions of 18 U.S.C. § 3553, the government asks the Court to sentence defendant to 87 months' imprisonment, to be followed by five years of supervised release.

The defendant, an extremely well-armed drug dealer, was responsible for the distribution of significant quantities of fentanyl, methamphetamine, and heroin – with fentanyl and methamphetamine being identified as two of the most incredibly addictive, deadly, and destructive drugs that are currently devastating the community.

> Fentanyl and methamphetamine are the most significant drug threats to Oregon and Idaho. Oregon-Idaho HIDTA (High Intensity Drug Trafficking Area) Information Sharing and Analytical Coordination Center (ISACC) predicts with confidence that fentanyl and methamphetamine will continue to be the most significant drug threats forward-looking into 2024. Fatal and non-fatal overdoses related to both substances have continued to increase over the past several years, which includes actual and presumptive results for 2022. All Oregon-Idaho HIDTA enforcement initiatives reported fentanyl and methamphetamine as their primary drug threats based on availability, impact on caseload, community livability, and associated crimes.
>
> Methamphetamine continues to be the primary drug identified related to property crime, while fentanyl use causes many of the fatal and nonfatal

> overdose incidents and quality of life issues throughout several communities.

OREGON-IDAHO HIDTA 2024 THREAT ASSESSMENT, June 2023, at 11.

Defendant's crime is extremely serious and but-for his significant post-arrest performance and mitigation information, the government would be seeking a much higher sentence. After evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 87 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a five year term of supervised release.

At the time of sentencing we ask the Court to dismiss Counts 2, 3 and 4. There is an appeal waiver.

Dated: March 1, 2024.                Respectfully submitted,

                                     NATALIE K. WIGHT
                                     United States Attorney

                                     /s/ *Scott Kerin*
                                     SCOTT M. KERIN, OSB # 965128
                                     Assistant United States Attorney